IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BASIL BROWN, )
    Plaintiff, )
)
v. ) No. 3:14-CV-2520-N
)
CRAIG WATKINS, ET AL., )
    Defendants. )

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.**    **Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County District Attorney Craig Watkins, Judge Carolyn Wright, the Texas Fifth District Court of Appeals, the Dallas County Criminal Court No. 2, Judge Julia Hayes and court reporter Laura Weed. The Court has not issued process pending judicial screening.

Plaintiff claims he was wrongfully convicted of indecent exposure in October, 2000. He states he filed a state habeas petition that was denied by the trial court. He claims he attempted to appeal the denial of his habeas petition, but court reporter Laura Weed refused to provide him or the Fifth District Court of Appeals a transcript of the habeas hearing. He also claims he was arrested on July 12, 2012 for a probation violation, but he was never placed on probation. He

states that on March 17, 2014, the trial court entered an order discharging him from probation. He states he has filed motions with the trial court to correct its order to reflect that he was never on probation. Plaintiff seeks a new trial, the right to file an appeal of his conviction, an order correcting the trial court's records to show he was not placed on probation, an order that the court reporter provide him a transcript of his state habeas hearing, and money damages.

## II. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### 1. Statute of Limitations

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs,* 892 F.2d 438, 439 (5th

Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff states that in October, 2000 he was wrongfully convicted of indecent exposure by Judge Julia Hayes of the Dallas County Criminal Court No. 2. He states that on May 22, 2008, the District Attorney's Office wrongfully filed a motion to revoke his probation. He claims that on June 19, 2008 and September 11, 2008 Judge Carolyn Wright and the Fifth District Court of Appeals wrongfully denied him the right to appeal. He states that on July 25, 2005 and July 28, 2008 court reporter Laura Weed denied him transcripts of his habeas corpus hearing. These claims occurred more than two years prior to Plaintiff filing the instant complaint. The claims are barred by the statute of limitations and should be dismissed.

**2. Probation Order**

Plaintiff states that on March 17, 2014, Judge Julia Hayes entered an order discharging him from probation. He claims he has filed motions in her court to correct the order to state that he was never placed on probation, but that Judge Hayes has failed to respond. Plaintiff states that on March 5, 2014, the District Attorney's Office agreed to withdraw its motion to revoke probation, but it has failed to do so.

The Dallas County Judicial Records show that on October 10, 2000, Plaintiff was found guilty of indecent exposure and was sentenced to 180 days in jail, probated for 24 months. *See* www.dallascounty.org. Plaintiff's claim that Judge Hayes's order should be corrected to show that he was never placed on probation is without merit. Additionally, Plaintiff's claim that Craig

Watkins and/or the Dallas County District Attorney's Office failed to withdraw its May 22, 2008 motion to revoke probation is also without merit. On March 17, 2014 the court discharged Plaintiff from probation, rendering the May 22, 2008 motion moot. Plaintiff has failed to show the failure to withdraw the motion violated his constitutional rights.

Additionally, Plaintiff's claims against Judge Hayes, Craig Watkins and the Dallas County District Attorney's Office are barred by immunity. Judges and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976).

Finally, the Dallas County Criminal Court No. 2 is a non-jural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See Moore v. Crowley Courts*, 2007 WL 3071188, *2 n.1, 3:07-CV-962-M (N.D. Tex. 2007) (noting that "Crowley Courts" were not a jural entity); *Daniel v. Dallas County Commissioner's Court*, 2001 WL 167923, *1, No. 3:01-CV0072-P (N.D. Tex. 2001) (stating County Commissioner's Court was a non-jural entity).

## RECOMMENDATION

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28

U.S.C. § 1915(e)(2).

Signed this 18 day of August, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).